**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Victorino MALDONADO–SORIA, also**
**known as Victor Maldonado,**
**Defendant–Appellant.**

**No. 09–10954**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 24, 2010.

Nancy E. Larson, Assistant U.S. Attorney, U.S. Attorney's Office, Fort Worth, TX, for Plaintiff–Appellee.

Jason Douglas Hawkins, Federal Public Defender, Federal Public Defender's Office, Dallas, TX, for Defendant–Appellant.

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM: *

Victorino Maldonado–Soria (Maldonado) appeals his guilty plea conviction and sentence for illegally reentering the United States following deportation in violation of 8 U.S.C. § 1326. Maldonado contends that the district court erred by imposing a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior Texas conviction for aggravated assault is not a crime of violence under the Sentencing Guidelines. He argues, inter alia, that the Texas crime of aggravated assault is more broadly defined than most other definitions of aggravated assault because it may

---

be committed by threatening behavior. The Government has moved for summary affirmance and provides a detailed argument regarding governing precedent, which the Government asserts forecloses Maldonado's argument. The Government alternatively moves for an extension of time to file a brief.

The Texas statute under which Maldonado was convicted, Texas Penal Code § 22.02 (Vernon 2006), is substantially similar to the generic, common sense definition of "aggravated assault" and thus qualifies as the enumerated offense of "aggravated assault" under the Guidelines. *See United States v. Guillen–Alvarez*, 489 F.3d 197, 199–201 (5th Cir.2007). Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR R. 47.5.4.